UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CONNIE STEELMAN,**

      **Plaintiff,**

v.                                         Case No:  6:12-CV-510-Orl-36KRS

**WENDYS OF NE FLORIDA, INC.,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation of Magistrate Judge Karla R. Spaulding, filed on September 20, 2012 (Doc. 28). In the Report and Recommendation, the Magistrate Judge recommends that the Court dismiss *pro se* Plaintiff Connie Steelman's ("Plaintiff") Amended Complaint with prejudice (Doc. 25). *See* Doc. 28. On September 28, 2012, Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation (Doc. 29). Accordingly, this matter is ripe for review.

## BACKGROUND

On April 2, 2012, Plaintiff filed her Initial Complaint with this Court against Defendant Wendys of NE Florida, Inc. ("Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA") (Doc. 1). On September 20, 2012, the Court dismissed this Complaint without prejudice on the grounds that Plaintiff had failed to set forth sufficient allegations of fact to establish standing. *See* Doc. 27. On August 22, 2012, Plaintiff prematurely filed an Amended Complaint (Doc. 25), which was subsequently accepted by the Court (Doc. 27). In conjunction

with her Amended Complaint, Plaintiff filed a Motion for leave to proceed *in forma pauperis* (Doc. 26).

## STANDARD

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a de novo review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Ed. of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). Once a timely objection to the Report and Recommendation is made, the District Judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## ANALYSIS

As the Magistrate Judge notes, Plaintiff's Amended Complaint once again fails to set forth sufficient allegations of fact to establish standing in this matter. *See* Doc. 28. In the Report and Recommendation, the Magistrate Judge states, "[Plaintiff's] allegations in the present case are conclusory and insufficient to establish that she has standing, specifically that there is "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." Doc. 28, p. 2 (citing *Steelman v. Ringhaver*, Case No.: 6:11-CV-1283-Orl-22KRS, Doc. 15, p. 4) (M.D. Fla. Oct. 31, 2011) (citations omitted)); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (dismissing plaintiff's ADA complaint for lack of standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (discussing the elements on standing).

In Plaintiff's Objection, she asserts that she has visited the property which forms the basis of this lawsuit and has returned as recently as August 25, 2012 (Doc. 29, p. 2). On those grounds, Plaintiff asserts that she has and will continue to suffer direct and indirect injury as a

result of Defendant's discrimination. *Id*. However, the facts alleged by Plaintiff undermine these assertions. Plaintiff resides for part of the year in Missouri, and part of the year in Martin County, Florida (Doc. 25, ¶ 1). Plaintiff asserts that Defendant's property is located at 6141 West Irlo Bronson Memorial Highway, Kissimmee, which is located in Osceola County, Florida. *Id*. at ¶ 2. However, Martin County, Plaintiff's residence, is located in the Southern District of Florida. Moreover, Plaintiff alleges that venue is appropriate in the Southern District of Florida as that is where Defendant's property in question is located. *Id*. at ¶ 3. Plaintiff does not address or clarify this inconsistency in her Objection.

Similar to a prior case, Plaintiff "has provided no specific plan to return to defendant's property, has provided no information as to any personal or business connection to the area, and has provided no information as to whether she even visits or passes through the area with frequency or repetition." Case No.: 6:11-CV-1283-Orl-22KRS, Doc. 15, p. 5 (M.D. Fla. Oct. 31, 2011). As the Magistrate Judge noted in her Report and Recommendation, Plaintiff's vague and conclusory claims fail to allege a real and immediate threat of future injury required to establish standing in an ADA case seeking injunctive relief (Doc. 28, p. 3). Accordingly, the Court is in agreement with the Magistrate Judge that Plaintiff's Complaint has failed to set forth sufficient allegations of fact to establish that she has standing in this matter. Moreover, because Plaintiff has failed to establish standing after being given an opportunity to do so, she will not be given leave to amend. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 28) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Connie Steelman's Amended Complaint (Doc. 25) is **DISMISSED**.

3. The Clerk is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding